NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0917n.06

No. 14-3156

**FILED**
Dec 10, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

ORIOLA BEBECI,                                    )
                                                 )
      Petitioner,                          )
                                                 )
v.                                               )       ON PETITION FOR REVIEW
                                                 )       FROM THE UNITED STATES
ERIC H. HOLDER, JR., Attorney General,           )       BOARD OF IMMIGRATION
                                                 )       APPEALS
      Respondent.                          )
                                                 )
                                                 )

BEFORE:     BOGGS, ROGERS, and STRANCH, Circuit Judges.

ROGERS, Circuit Judge. An immigration judge concluded that Oriola Bebeci's testimony was not credible and thus denied her request for withholding of removal. The Board of Immigration Appeals affirmed. Bebeci appeals the Board's decision, contending that it erred in affirming the immigration judge's adverse credibility determination. Her appeal lacks merit, however, because she has not shown that a reasonable adjudicator would have been compelled to credit her testimony.

Bebeci, a native and citizen of Albania, used a fake passport to enter the United States on June 22, 2000. The Department of Homeland Security initiated removal proceedings against her in 2007. Conceding removability, Bebeci applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), all based on her claims that Albania's

socialist government was persecuting her and her family for their affiliation with the Democratic Party of Albania.

The immigration judge (IJ) pretermitted as untimely Bebeci's application for asylum and denied her requests for withholding of removal and for protection under the CAT because he found that her testimony was not credible. In his opinion, he identified three aspects of Bebeci's testimony that were contradicted by other parts of the record. First, in her initial asylum statement, Bebeci stated that she had been poisoned in Albania but did not know how or by whom. In her supplemental asylum statement and testimony, however, Bebeci "provided great detail relating to the poisoning, where it was done, and the person responsible for the act." Second, at her removal hearing, Bebeci and her husband testified that her husband had been kidnapped in large part because of Bebeci's political affiliation. During his earlier asylum proceedings, however, Bebeci's husband had said "that the criminals who kidnapped and held him for ransom were motivated solely by monetary gain." He never suggested in those proceedings that his wife's political activities prompted the kidnapping. Third, during her removal proceedings, Bebeci said she and her family had relocated from Gjirokastre to Tirana because of politically-motivated threats they received in Gjirokastre. In the course of his asylum proceedings, however, her husband had cited economic reasons as prompting the move. Because the record contradicted Bebeci's testimony on each of these points, the IJ made an adverse credibility determination. And because he found that Bebeci's corroborating evidence did not independently suffice to sustain her burden of proof, the IJ ruled that Bebeci was removable.

Bebeci appealed that ruling to the Board of Immigration Appeals (BIA), which affirmed the IJ's pretermission of her asylum application and the denial of her requests for withholding of removal and protection under the CAT. Bebeci now appeals the BIA's affirmance of the IJ's

denial of her request for withholding of removal. She does so on a single ground: that the BIA erred in affirming the IJ's adverse credibility determination. Bebeci does not contest the BIA's decision to affirm the IJ's pretermission of her asylum application. Accordingly, she has forfeited that issue on appeal. *See Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 626 n.1 (6th Cir. 2010).

We will reverse an IJ's adverse credibility determination only if it is unsupported by substantial evidence, so that any reasonable fact-finder would be compelled to conclude otherwise than did the IJ. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). Bebeci has not shown that the IJ's credibility findings in her case are so unreasonable as to meet this standard. The IJ gave three specific bases for his conclusions, each of which had concrete support in the record.

Bebeci insists that any inconsistencies in her and her husband's stories merely reflect the fact that, over the years, she and her husband have come to realize that events they once viewed as chance occurrences—such as her poisoning and her husband's kidnapping—were actually part of a pattern of political persecution. That argument, however, misconceives her burden in this case. A court may not supplant an IJ's adverse credibility determination merely because a petitioner has offered an alternative explanation for inconsistencies between her testimony and the record. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Rather, the court must be convinced that the record "compels" the conclusion that the petitioner's testimony was credible. *Elias-Zacarias*, 502 U.S. at 481 n.1. Bebeci's alternative explanation for the inconsistencies between her testimony and the record only establishes that her testimony may be susceptible of multiple interpretations, not that a reasonable fact-finder would be compelled to credit her testimony. *See Acheampong v. Keisler*, 250 F. App'x 158, 162 (6th Cir. 2007); *see also Nejat v.*

*Comm'r of Soc. Sec.*, 359 F. App'x 574, 575-76 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Accordingly, she has not carried her burden here.

The petition for review is denied.